UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ISAAC J. REED,

                Petitioner,

vs.                              Case No.  2:07-cv-189-FtM-29SPC
                              Case No.  2:04-cr-50-FtM-29SPC

UNITED STATES OF AMERICA,

                Respondent.
_____

**OPINION AND ORDER**

_____This matter comes before the Court on petitioner Isaac J. Reed's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. #1; Cr. Doc. #49)[1] filed on March 23, 2007.   The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Doc. #6) on April 17, 2007.   Petitioner was thereafter allowed to file a Traverse (Docs. ## 7, 8).   For the reasons set forth below, the § 2255 motion is denied.

**I.**

On May 26, 2004, a federal grand jury in Fort Myers, Florida returned a one-count Indictment (Cr. Doc. #1) charging petitioner

_____

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of civil habeas case as "Doc.", and will refer to the underlying criminal case  as "Cr. Doc."

Issac J. Reed (petitioner or Reed) with possession with intent to distribute five or more grams of cocaine base, crack cocaine.  On October 8, 2004, petitioner pled guilty without the benefit of a plea agreement.  (Cr. Doc. #26.)  On February 7, 2005, the Court sentenced petitioner as a career offender to a 188 month term of imprisonment, to be followed by 48 months supervised release.  (Cr. Doc. #34.)  Judgment (Cr. Doc. #35) was filed on February 11, 2005.

Petitioner through counsel filed a Notice of Appeal (Cr. Doc. #36) on February 17, 2005.  On November 29, 2005, the Eleventh Circuit Court of Appeals affirmed petitioner's conviction and sentence.  United States v. Reed, 156 Fed. Appx. 212 (11th Cir. 2005).  Petitioner filed a petition for certiorari with the United States Supreme Court, which was denied on March 27, 2006.  Reed v. United States, 547 U.S. 1048 (2006).  Petitioner filed this timely § 2255 motion on March 23, 2007.

**II.**

Petitioner alleges that his attorney provided ineffective assistance in a number of ways.  The legal principles are well established.  Issues of ineffective assistance of counsel can be raised in a § 2255 proceeding even where petitioner could have raised the issues on direct appeal but failed to do so.  Massaro v. United States, 538 U.S. 500 (2003).  The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance:  (1) whether counsel's

-2-

representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000) (quoting <u>Strickland</u>, 466 U.S. at 690). This judicial scrutiny is "highly deferential." <u>Id</u>. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689-90. An attorney is not ineffective for failing to raise or preserve a meritless issue. <u>Ladd v. Jones</u>, 864 F.2d 108, 109-10 (11th Cir. 1989); <u>United States v. Winfield</u>, 960 F.2d 970, 974 (11th Cir. 1992).

### A.

In computing petitioner's Sentencing Guidelines range, the Court treated petitioner as a career offender pursuant to U.S. Sentencing Guidelines (U.S.S.G.) § 4B1.1. (Cr. Doc. #41, p. 16.) This resulted in a Base Offense Level of 34, a Total Offense Level of 31, a Criminal History Category of VI, and a sentencing range of 188 to 235 months. (Cr. Doc. #41, p. 21.) Petitioner was sentenced to 188 months imprisonment.

Petitioner asserts that his attorney provided ineffective assistance at sentencing when he failed to challenge the use of the career offender provision and the nature of petitioner's prior convictions in light of Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 542 U.S. 296 (2004); and United States v. Booker, 543 U.S. 220 (2005). Such a challenge was necessary, petitioner asserts, in order to lay the foundation for the arguments in his § 2255 motion. Petitioner argues that the Supreme Court has not agreed with the Eleventh Circuit's analysis that prior convictions need not be charged in the Indictment and proven beyond a reasonable doubt, and therefore his attorney was required to preserve this issue. (Cv. Docs. #1, pp. 3-4; #7, pp. 1-7.)

Counsel did object to the enhancement of petitioner's sentence based on the prior convictions (Cr. Doc. #41, p. 11.) The Eleventh Circuit deemed this objection to be sufficient to preserve the Apprendi, Blakely, Booker issue, and reviewed the issue de novo. Reed, 156 Fed. Appx. at 213. As the Eleventh Circuit noted in the direct appeal, Id., the Supreme Court held in Almendarez-Torres v. United States, 523 U.S. 224, 228-47 (1998) that the government need not allege prior convictions in an indictment or prove them beyond a reasonable doubt. Because the Supreme Court had not overruled Almendarez-Torres in any of its subsequent cases, the Eleventh Circuit found no error in the district court's consideration of Reed's prior convictions at sentencing. Reed 156 Fed. Appx. at

-4-

213-14.   The Supreme Court has still not overruled <u>Almendarez-Torres</u>, but has continued to recognize that reliance on a prior conviction without a jury determination that defendant had previously been convicted remained the exception to the <u>Apprendi</u> rule.  <u>James v. United States</u>, 127 S. Ct. 1586, 1600 n.8 (2007); <u>Cunningham v. California</u>, 127 S. Ct. 856, 864 (2007); <u>Rita v. United States</u>, 127 S. Ct. 2456, 2486 n.1 (2007).   Therefore, defense counsel's performance was neither deficient nor prejudicial.

Petitioner's argument that <u>Almendarez-Torres</u> is no longer good law, particularly after <u>Shepard v. United States</u>, 544 U.S. 13 (2005) (Doc. #7, pp. 1-6) is simply incorrect.  The Supreme Court has continued to apply <u>Almendarez-Torres</u> even after its adoption of the largely categorical approach to determine if a prior conviction was a qualifying offense.  <u>See, e.g.</u>, <u>James v. United States</u>, 127 S. Ct. 1586 (2007).  The Eleventh Circuit likewise continues to follow <u>Almendarez-Torres</u> after <u>Shepard</u>.  <u>United States v. Gibson</u>, 434 F.3d 1234, 1246-47 (11th Cir. 2006); <u>United States v. Camacho-Ibarquen</u>, 410 F.3d 1307, 1316 n.3 (11th Cir. 2005); <u>United States v. Allen</u>, No. 07-10703, 2008 WL 1777420 (11th Cir. April 21, 2008); <u>United States v. Roundtree</u>, 256 Fed. Appx. 291, 292 (11th Cir. 2007).

Petitioner's attempt to distinguish <u>Almendarez-Torres</u> on the basis that he did not admit or stipulate to the convictions (Doc. #7, pp. 6-7) is also unavailing.  At the sentencing hearing,

-5-

defense counsel did not contest that petitioner had been convicted of all three predicate offenses, but wanted the Court to be aware of the underlying facts as part of a Booker variance argument. (Cr. Doc. #41, pp. 11-16.)  A sentencing court's finding of facts may be based on undisputed statements in a Presentence Report. United States v. Bennett, 472 F.3d 825, 832 (11th Cir. 2006). Additionally, petitioner testified that he was convicted in two of the cases where the facts were disputed, and explained his version of those facts.  (Cr. Doc. #41, pp. 23-31.)  In any event, petitioner is not required to admit the prior convictions since the effect of Almendarez-Torres is that the government simply has to prove such convictions by a preponderance of the evidence at sentencing.  Gibson, 434 F.3d at 1249.

Similarly, petitioner's argument that he had a right to a jury trial on the issue of whether the prior convictions occurred on "occasions different from one another" (Doc. #7, p. 7) is unavailing.  This language is found in the Armed Career Criminal Act, 18 U.S.C. § 924(e), which involves a charge of possession of a firearm by a previously convicted felon.  Petitioner, on the other hand, was charged with a drug offense and was sentenced pursuant to the Career Offender provision of the Sentencing Guidelines, U.S.S.G. § 4B1.1.  The Career Offender provision of the Sentencing Guidelines does not include the provision that the prior convictions occurred on "occasions different from one another." Rather, to be sentenced as a career offender, the district court

-6-

must find by a preponderance of the evidence that: "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a); United States v. Young, No. 07-14780, ___ F.3d ___, 2008 WL 2080963 (11th Cir. May 19, 2008). The decision to classify a defendant as a career offender pursuant to § 4B1.1 is a question of law, and the Supreme Court's recent cases under the Fifth and Sixth Amendments do not prevent a district court from finding the fact of petitioner's prior convictions or using the convictions to designate defendant as a career offender. Gibson, 434 F.3d at 1243-46, 1247-48, 1250.

Therefore, petitioner's attorney was not ineffective because he did sufficiently object to the enhancement based on petitioner's prior convictions, petitioner received de novo appellate review of the issue, and the law has not changed that consideration of the prior convictions is proper.

### B.

Petitioner argues that because counsel failed to make appropriate objections at sentencing, he was held to a higher standard of review on direct appeal, i.e., a plain error standard.

(Doc. #1, p. 5.)  Petitioner is factually incorrect.  The Eleventh
Circuit applied a *de novo* standard of review to the sentence.
Reed, 156 Fed. Appx. at 213.  Therefore, petitioner has not shown
any ineffective assistance of counsel at sentencing on this ground.

### C.

Petitioner argues that his attorney provided ineffective
assistance when he failed to argue at sentencing that the district
court lacked jurisdiction to consider the career offender
enhancement because neither the career offender enhancement nor the
prior convictions were charged in the Indictment or proven to a
jury beyond a reasonable doubt.  Petitioner argues that after
Apprendi, Blakely, and Booker a defendant may not be sentenced as
a career offender unless the qualifying prior convictions are
charged in the Indictment and proven to a jury beyond a reasonable
doubt.  Petitioner asserts that the failure to charge the prior
convictions resulted in "jurisdictional defects" in the Indictment
which cannot be waived by the entry of a guilty plea, and that the
resulting sentence was unreasonable.  While acknowledging that such
substantive arguments have not yet been accepted by the appellate
courts, petitioner argues that counsel had to raise them in order
to preserve the issues for a later date when the issues are
clarified.  (Doc. #1, pp. 5-7.)

Because Almendarez-Torres remains binding precedent, "the
government need not allege in its indictment and need not prove

beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." <u>United States v. Camacho-Ibarquen</u>, 410 F.3d 1307, 1315-16 (11th Cir. 2005). The Eleventh Circuit has consistently found no error where a district court considered the convictions to enhance the sentence under the career offender provisions. <u>See, e.g.</u>, <u>Gibson</u>, 434 F.3d at 1243-50; <u>Allen</u>, 2008 WL 1777420; <u>United States v. Long</u>, No. 07-11149, 2008 WL 612594 (11th Cir. March 6, 2008). Counsel was not ineffective in failing to argue positions which had no merit just to preserve them in case the law changes. In any event, the Eleventh Circuit found counsel's objection sufficient to preserve the issue. <u>Reed</u>, 156 Fed. Appx. at 213.

### D.

Petitioner argues that he received ineffective assistance of counsel at sentencing when his attorney failed to contest the fact that his prior convictions qualified him as a career offender. Petitioner argues that <u>Taylor v. United States</u>, 495 U.S. 575 (1990) and <u>Shepard v. United States</u>, 544 U.S. 13 (2005) set the standards to determine whether a prior conviction can be used to enhance a sentence, and use either a "categorical approach" or a "modified approach." Petitioner argues that if his attorney had "made the proper objections under the two approaches" the district court would have found that his prior convictions were not qualifying

predicate convictions under the career offender provisions. (Doc. #1, pp. 7-8.)

This argument is without any merit. <u>Shepard</u> and <u>Taylor</u> restrict only the sources a sentencing court may consider to determine the character of a prior conviction as a qualifying predicate offense under the Armed Career Criminal Act. <u>United States v. Cantellano</u>, 430 F.3d 1142, 1147 (11th Cir. 2005). The process followed by the Court and counsel considered only the proper sources of information, and the Court properly determined that all three offenses were proper qualifying offenses under the Career Offender provision of the Sentencing Guidelines. (Cr. Doc. #41, pp. 11-16.) No objection would have changed the fact that all convictions were qualifying offenses. Additionally, the Court heard petitioner's version of the underlying facts for two of the prior convictions as part of defense counsel's argument for a <u>Booker</u> variance below the Sentencing Guidelines range. Defense counsel's performance was not deficient and there was no prejudice to petitioner.

**E.**

Petitioner argues that his attorney rendered ineffective assistance by advising petitioner to stipulate that the substance was crack cocaine when counsel had not investigated the chemical nature of the substance. Petitioner asserts that at the time of his guilty plea he was not made aware that a jury could reach a verdict for an undetermined amount and type of a controlled

substance under 21 U.S.C. § 841(b)(1)(C).  Petitioner asserts that
based on a March 12, 2007 newspaper article he now knows there is
no scientific distinction between crack cocaine and powder cocaine.
He therefore asserts that a competent attorney would have advised
him to only stipulate to the quantity of the substance, and leave
the type of substance for a jury's determination.  Petitioner
argues that a jury's determination of a different type of substance
would have affected his maximum statutory sentence and therefore
his Offense Level as a career offender.  Petitioner also argues
that the type of substance is an element of the § 841(b) offense.
(Docs. ##1, pp. 9-11, 7, pp. 8-13.)

    The record reflects that defense counsel received the
government lab report during the discovery process. (Cr. Doc. #41,
pp. 6-7.)  That lab report (Doc. #6-2) established that the
substance petitioner possessed was 15.9 grams of cocaine base.  At
the change of plea hearing petitioner was told, among other things,
that he was charged with possession with intent to distribute five
grams or more of cocaine base, crack cocaine.  (Cr. Doc. #44, p.
7.)  Petitioner was told that the government would have to prove
beyond a reasonable doubt that he knowingly and willfully possessed
crack cocaine as charged; that he possessed the substance with
intent to distribute it; and that the weight of the cocaine base,
crack cocaine was in excess of five grams.  (Cr. Doc. #44, p. 14.)
Petitioner was asked what he did that made him guilty of the
offense, and he stated that on March 2 he got a phone call, he was

attempting to deliver 15 grams of crack to a BP gas station to a guy he knew who turned out to be the police, and he was arrested. (Cr. Doc. #44, p. 14.)   Petitioner testified that it was crack cocaine that was involved, that he knew it was crack cocaine, and that he intended to sell it.   (Cr. Doc. #44, p. 15.)   The Drug Enforcement Administration lab report (Doc. #6-2) identified the substance as 15.9 grams of cocaine base, and described the substance as numerous pieces of a white in color "rock" like substance.

There is a legal distinction between crack cocaine and the other forms of cocaine base.  Initially, the Eleventh Circuit held that all forms of cocaine base were included under U.S.S.G. § 2D1.1(c).  United States v. Rodriguez, 980 F.2d 1375, 1378 (11th Cir. 1992), cert. denied, 509 U.S. 907 (1993).  Effective November 1, 1993, Note D to Sentencing Guideline § 2D1.1(c) was amended to provide that "cocaine base" means "crack" cocaine for purposes of the guideline.  The Note further stated that "'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form."  The Eleventh Circuit thereafter held that for sentences imposed on and after November 1, 1993, "cocaine base" included only crack cocaine, and any other form of cocaine base must be treated as cocaine hydrochloride for sentencing purposes.  United States v. Munoz-Realpe, 21 F.3d 375, 377 (11th Cir. 1994); United States v. Camacho, 40 F.3d 349, 354 (11th Cir.

1994).   The laboratory report finding the substance was cocaine base and describing it as numerous pieces of a white rock-like substance is sufficient to allow the Court to find that petitioner possessed crack cocaine.   United States v. Jones, 218 Fed. Appx. 916, 920 (11th Cir. 2007).   Additionally, petitioner testified that he was selling "crack cocaine," which is also sufficient to establish of crack cocaine.   United States v. Clark, No. 07-13070, 2008 WL 426254 (11th Cir. Feb. 19, 2008).

No reasonable attorney would have recommended that petitioner proceed to trial in order to contest the type of drug involved in this case.   Additionally, an attorney cannot tell a client to misrepresent the truth, and petitioner admitted in his change of plea that he was dealing in crack cocaine.   Counsel did not provided ineffective assistance in this regard.

Accordingly, it is now

**ORDERED:**

1.   Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Doc. #1, Cr. Doc. #49) is **DENIED** as to all claims for the reasons set forth above.

2.   The Clerk of the Court shall enter judgment accordingly and close the civil file.   The Clerk is further directed to place

-13-

of copy of the civil Judgment in the associated criminal file, Case No. 2:04-cr-50-FTM-29SPC.

**DONE AND ORDERED** at Fort Myers, Florida, this ___9th___ day of June, 2008.


                                          _____

                                          JOHN E. STEELE
                                          United States District Judge


Copies:
AUSA (Casas)
Isaac J. Reed